NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

FEB 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNA DEL CARMEN NAJERA-
GOMEZ, ET. AL,

          Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-1816

Agency No.
A215-642-506/507

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Reyna Del Carmen Najera-Gomez seeks review of a Board of Immigration

Appeals ("BIA") decision affirming a decision by an Immigration Judge ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply a highly deferential substantial evidence standard of review. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). When "the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Under the substantial evidence standard, the agency's "findings of facts are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares*, 25 F.4th at 748 (citation omitted). All questions of law are reviewed de novo. *Id.*

Najera-Gomez argues that the agency incorrectly concluded that she failed to show any nexus between her claimed persecution and a cognizable particular social group. She contends that the agency failed to conduct the mixed-motives nexus analysis required by *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017). This argument fails. The agency assumed that Najera-Gomez's proposed social groups were cognizable but determined that there was "no nexus" between the alleged harm and those social groups. Substantial evidence supports the conclusion that the criminals who attempted to extort Najera-Gomez were motivated wholly by money.

---

[1] Justin, Najera-Gomez's son, is a derivative beneficiary on this petition. All references to Najera-Gomez are to the principal petitioner.

This case is not meaningfully distinguishable in that regard from *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1021 (9th Cir. 2023). Indeed, as the IJ noted, Petitioner in her own testimony explicitly acknowledged that the criminals who attempted to extort her were "motivated solely by money and for no other reason." The IJ, affirmed by the BIA, relied on this and other evidence in the record to conclude that there was no nexus between the alleged persecution and the particular social groups to which Najera-Gomez claimed to belong. The record does not compel a different conclusion. *See also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The lack of nexus is fatal to Najera-Gomez's claims for asylum and withholding of removal, and we therefore decline to consider her other arguments. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of his asylum and withholding of removal claims."); *see also Singh v. Barr*, 935 F.3d 822, 826–27 (9th Cir. 2019).

Najera-Gomez argues that the BIA erred by failing to consider "issues" pertaining "to persecution, particular social groups, nexus" as well as "the standard of proof for asylum and withholding of removal" and "regulatory factors" pertinent to her application for CAT protection. The BIA did not fail to consider Najera-Gomez's claims. It affirmed the denial of asylum and withholding of removal for

the reasons stated by the IJ and specifically determined that she failed to show the requisite nexus. Because the nexus determination was dispositive, the BIA did not err by failing to address Najera-Gomez's other claims in more detail. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Additionally, the BIA properly determined that Najera-Gomez forfeited review of the IJ's CAT determination by failing to present any arguments on that issue in her appeal brief. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed."). It also properly determined that Najera-Gomez did not challenge the IJ's determination that the proposed particular social group of Guatemalan single mothers was not cognizable. Accordingly, we do not consider these issues. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding that § 1252(d)(1) is a non-jurisdictional claim-processing rule "prescribing the method by which the jurisdiction granted the courts by Congress is to be exercised." (citation and brackets omitted)).

**PETITION DENIED.**

4